

# NUMBER 13-26-00561-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE AMBER NICOLE PEREZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Peña[1]**

By pro se petition for writ of mandamus, relator Amber Nicole Perez seeks to compel the Honorable Sid Harle, the Presiding Judge of the Fourth Administrative Judicial Region to vacate: (1) an "Order Denying Motion to Recuse," signed on July 27, 2026; and (2) an "Order Denying Verified Supplement to Motion to Disqualify and/or Recuse," signed

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

on July 28, 2026. Relator also contends generally that various orders are void "for lack of statutory judicial authority," and she requests this Court to enforce a stay in the trial court proceedings.

"Mandamus is an extraordinary remedy that is available in limited circumstances to correct clear errors in exceptional cases." *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (citation modified); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). To obtain a writ of mandamus, the relator must show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex. 1992) (orig. proceeding).

First, to the extent that relator seeks relief against the Presiding Judge of the Fourth Administrative Judicial Region, relator has not established that we have mandamus jurisdiction based on the argument and facts that she has presented in this original proceeding. *See* TEX. GOV'T CODE § 22.221(a), (b), (c); *In re Habiniak*, No. 13-14-00417-CV, 2014 WL 3803774, at *1 (Tex. App.—Corpus Christi–Edinburg July 28, 2014, orig. proceeding [mand. denied]) (per curiam) (mem. op.); *In re Cook*, 394 S.W.3d 668, 671–72 (Tex. App.—Tyler 2012, orig. proceeding); *In re Hettler*, 110 S.W.3d 152, 154–55 (Tex.

2

App.—Amarillo 2003, orig. proceeding [mand. denied]); *see also In re Wilson*, No. 07-24-00104-CR, 2024 WL 1326126, at *1 (Tex. App.—Amarillo Mar. 27, 2024, orig. proceeding) (mem. op., not designated for publication). Second, relator has not met her burden to obtain mandamus relief as to her remaining claims regarding void orders, actions taken without judicial authority, and the enforcement of a stay in the proceedings below. *See In re Lapuerta*, 732 S.W.3d at 555; *In re Panchakarla*, 602 S.W.3d at 539; *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302. Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction, in part, as to the claims against the Presiding Judge of the Fourth Administrative Judicial Region, and we deny the petition for writ of mandamus, in part, as to all other relief sought.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
31st day of July, 2026.

3